**SIGNED THIS: January 17, 2006**

                          */s/ Mary P. Gorman*
                          **MARY P. GORMAN**
                          **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| In Re | ) | |
|---|---|---|
| | ) | In Bankruptcy |
| SHANNEN B. CLOE, | ) | |
| | ) | Case No. 05-73617 |
| Debtor. | ) | |

# O P I N I O N

The issue before the Court is whether the funds in a joint bank account are property of the bankruptcy estate.

Shannen and Angie Cloe have been living together for four years. On May 18, 2002, they opened a multiple party checking account with survivorship at the Shelby County State Bank. They were married on May 7, 2005.

On May 17, 2005, the Cloes established a new checking account at the Bank under their married names. The account is identified

as a permanent regular checking account. The ownership of the account is identified as "joint - with survivorship (and not as tenants in common)." The account was initially funded with a rollover of the $781.97 from their previous account. Only one signature is required to make a withdrawal from the account. There are no restrictions on the account.

Neither Mr. nor Mrs. Cloe has any other bank accounts. Mr. Cloe's wages go into the account through direct deposit. Mrs. Cloe is not currently employed. All household bills are paid out of the account.

Although both Mr. and Mrs. Cloe have joint ownership of the bank account, Mrs. Cloe controls the checkbook and writes most of the checks. Mr. Cloe has written a few checks on the account, but Mrs. Cloe always knows when he is writing a check and she maintains possession of the checkbook.

After Mrs. Cloe lost her job with Agri-Fab, she decided to cash out her 401(k) account. On June 13, 2005, she made a request for her retirement funds and subsequently was issued a check in the amount of $4,177.92. Concerned about Mr. Cloe's upcoming bankruptcy filing, Mrs. Cloe checked with his bankruptcy attorney before depositing the check in the joint bank account. She planned to use the money to pay bills and support her four children. She testified that she was told by the bankruptcy attorney that her 401(k) funds would not be involved in her husband's bankruptcy

case.  It is unclear whether Mrs. Cloe actually informed the attorney that she was depositing the funds into the joint account.

On July 5, 2005, the joint account had a daily ending balance of $535.49.  On July 6, 2005, Mrs. Cloe deposited her $4,177.92 401(k) check into the account.  On July 7, 2005, Mr. Cloe filed his petition pursuant to Chapter 7 of the Bankruptcy Code.  Mrs. Cloe did not join in the petition as the debts which caused Mr. Cloe to need bankruptcy relief were his sole obligations incurred prior to their marriage.

Mr. Cloe's bankruptcy schedules disclosed $200 in the joint account and Mr. Cloe claimed this amount as exempt.  In fact, the bank records obtained by the Trustee indicate that the balance in the account on July 7, 2005, was $4,498.83.  Mr. Cloe filed an amended schedule of exemptions claiming $700 of the account as exempt and the Trustee filed a motion for turnover of the balance of $3,798.83.  At the hearing on the turnover motion, the Trustee conceded Mrs. Cloe's one-half interest in the account and reduced his request to $1,549.36. The Cloes assert that no portion of the account should be turned over to the Trustee.

Under Illinois law, a trustee establishes a prima facie case that money in an account belongs to the debtor when he shows that the money was in a joint account.  <u>Society of Lloyd's v. Collins</u>, 284 F.3d 727, 730 (7th Cir. 2002).  The burden then shifts to the other party to the joint account to prove what part, if any, of the

funds in the joint account belong to the non-debtor joint owner. <u>Leaf v. McGowan</u>, 13 Ill. App.2d 58, 65, 141 N.E.2d 67, 71 (1957). Illinois courts recognize that, while a party may have a legal right to withdraw all of the funds from a joint account, this "does not reflect what courts sometimes refer to as the 'reality' of ownership." <u>Highsmith v. Department of Public Aid</u>, 345 Ill. App.3d 774, 779, 803 N.E.2d 652, 657 (2004). Illinois law does, however, provide a presumption of donative intent when assets are transferred into joint tenancy. <u>In re the Estate of Mocny</u>, 257 Ill. App.3d 291, 296, 630 N.E.2d 87, 92 (1993). The two main factors considered in determining ownership of a joint account are the exercise of control over the account and contributions to the account. <u>Highsmith</u>, *supra*, 345 Ill. App.3d *at* 780, 803 N.E.2d *at* 657.

In this proceeding, the Trustee made a prima facie case that the money in the account belonged to Mr. Cloe. Therefore, the burden shifted to the Cloes to prove what portion of the funds belonged to Mrs. Cloe. The Court finds that the Cloes did not meet their burden to show that Mrs. Cloe's interest exceeded the one-half of the account conceded by the Trustee.

The evidence presented clearly established that this joint account was the only account of the Cloes and was used by both Mr. and Mrs. Cloe for the deposit of all of their funds and for the payment of all family bills. Every penny of Mr. Cloe's wages went

into the account by direct deposit every pay period and there was no evidence that any bill or expense of either party was paid from any source other than the issuance of a check from the account. The fact that the Cloes had one checkbook which was regularly in the possession of Mrs. Cloe does not change the result here. Mr. Cloe was authorized to transact business on the account without restriction, was a regular contributor to the account, and had all of his living expenses paid from the account. Clearly, both of the Cloes put all their funds into the account with the intent to use those funds to support their family.

Mrs. Cloe's call to the attorney prior to the bankruptcy filing evidences her intent that her 401(k) funds not be used to pay Mr. Cloe's separate debts which he hoped to discharge in his bankruptcy. The call does not, however, show an intent by Mrs. Cloe not to share these funds with her husband and the funds were, in fact, used for their joint family expenses. Checks were written on the account after deposit of the 401(k) funds for utility bills, phone service, groceries, medicals bills, and other similar expenses. One check was written to the Illinois Department of Revenue by Mrs. Cloe shortly after the 401(k) deposit for an obligation which was solely owed by Mr. Cloe. These facts do not overcome the presumption of donative intent. To the contrary, they establish Mrs. Cloe's intent to share and use these funds with her husband to support their family. Obviously, Mrs. Cloe did not want

the funds used for certain separate bills of Mr. Cloe, but that does not change the fact that he had an ownership interest in the joint account and the funds therein at the time he filed this case.

The Trustee has conceded that one-half of the balance in the account on the date of filing belonged to Mrs. Cloe and has not objected to Mr. Cloe's claim of a $700 exemption in the remainder of the account.  Mr. Cloe will be ordered to turn over to the Trustee the sum of $1,549.36.

For the foregoing reasons, the Trustee's Motion for Turnover Order is granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###